CLD-212                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1851
_____

IN RE: VICTOR B. PERKINS,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to 1:19-cv-00491)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 1, 2021
Before:  RESTREPO, MATEY, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 14, 2021)
_____

OPINION[*]
_____

PER CURIAM

Victor B. Perkins has filed a petition for a writ of mandamus requesting that we

direct the United States District Court for the District of Delaware to "immediately

adjudicate" a civil action that he filed in March 2019.  For the following reasons, we will

dismiss the petition as moot.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Perkins' complaint alleged that he had been injured by the drug Prilosec.  (ECF 1.)
The District Court sua sponte dismissed the complaint on October 15, 2019.  The order
dismissed some claims with prejudice, dismissed others without prejudice, and gave
Perkins leave to amend.[1]  (ECF 13 & 14.)  Perkins filed an amended complaint.  (ECF
25.)  By order entered April 13, 2021, the District Court dismissed the amended
complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), concluding that
further amendment would be futile.  (ECF 28 & 29.)  On April 26, Perkins filed a
"Motion for Summary Judgment as a Matter of Default."  (ECF 30.)  Shortly thereafter,
he filed a notice of appeal; that appeal is pending.  (ECF 33.)

Perkins filed the mandamus petition in this Court on April 29, 2021.  He asks that
we order "the District of Delaware to issue its decision upon his Civil Action Litigation
which has been pending before that court for over 2 years …."  As described above,
however, the District Court dismissed his complaint by order entered April 13, 2021.
Accordingly, we will dismiss the mandamus petition as moot.[2]  See Blanciak v.
Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur
during the course of adjudication that eliminate a plaintiff's personal stake in the outcome

---

[1] Perkins appealed from this order, and we dismissed the appeal for lack of jurisdiction.
See Perkins v. Proctor & Gamble, C.A. No. 19-3512 (order entered June 8, 2020).

[2] To the extent that Perkins asks us to direct the District Court to rule on his "Motion for
Summary Judgment as a Matter of Default" (ECF 30), we conclude that mandamus relief
is not warranted because it appears that his notice of appeal divested the District Court of
jurisdiction over that motion.  See Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985).

2

of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").